883 F.2d 1027
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David H. RUSH, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 89-3086.
 United States Court of Appeals, Federal Circuit.
 July 20, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 David H. Rush (Rush) appeals from a decision of the Merit Systems Protection Board (board) affirming his removal from the Army. We affirm.
 
 OPINION
 
 2
 The board's affirmance of Rush's removal is supported by substantial evidence that he and his subordinates engaged in conflicts of interest.
 
 
 3
 Substantial evidence supports the board's findings that Rush: (1) allowed Spengler Corporation (Spengler) to guarantee his home mortgage while he was responsible for ensuring Spengler's compliance with government contracts; (2) allowed his subordinates to approve and process invoices from Spengler containing overcharges and for work that had not been performed; (3) condoned his subordinates acceptance of gratuities in the form of reinbursements for meals, cigarettes and alcohol from Spengler; and (4) accepted transportation and meals from another government contractor, Zeppelin Company, on a bus trip. In light of the evidence presented below, we cannot say the board was arbitrary, capricious, or abused its discretion in rejecting Rush's claims that: (1) he was ignorant of the loan guarantee; (2) he is not accountable for the acts of his subordinates in approving and processing invoices; (3) he was unaware of the offer of gratuities to his subordinates by Spengler; and (4) the bus trip incident fails to warrant removal because Zepplin's costs therefor were only minor. The penalty of removal is not unduly harsh in these circumstances.
 
 
 4
 Rush's allegation of procedural error is unavailing. Any error was harmless where Rush violated the appropriate job description and was fully notified of the charges against him in the notice of proposed removal.